IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ANDREW W. WOODALL,

    Plaintiff,

vs.                                            CASE NO. 1:07CV193-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/


**REPORT AND RECOMMENDATION**

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) filed under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.**    **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on April 9, 2002, alleging a disability onset date of September 26, 2001, because of a left shoulder injury. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on June 16, 2004, and entered a partially unfavorable decision on August 11, 2004, finding that

Plaintiff was entitled to a closed period of disability only (from September 21, 2001, through December 31, 2003).  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.**     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff suffered a biceps tendon tear and rotator cuff injury to his left shoulder at work for which he underwent surgery and physical therapy, but his shoulder pain persisted and additional surgery was recommended and eventually done with improvement.  The ALJ found that the second surgery in August 2003 improved Plaintiff's pain levels and range of motion sufficiently to allow for light work.  A vocational expert testified to a number of jobs which Plaintiff could perform at this level, and therefore, he was not disabled after December 31, 2003.

**C.**     **ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding substantial medical improvement as of December 31, 2003, specifically, the ALJ has not pointed to any medical evidence showing this improvement; and that the ALJ should have accepted the vocational expert's response to the second hypothetical that there were no jobs he could perform if he was unable to stand more than 45 minutes at a time before he had to rest for an hour or so.

The government responds that the ALJ had evidence of improvement in Dr. Northrup's November 2003 treatment note where Plaintiff reported some improvement,

**No. 1:07CV193-MP/AK**

and Plaintiff had improved range of motion in all planes of the left shoulder.  Plaintiff himself testified at the hearing that he had pain relief following his second surgery and quit taking pain medication in December 2003.  Improvement in the left shoulder was also consistent with Plaintiff's reported daily activities which included washing dishes, making his bed, driving, and mowing the lawn.  Plaintiff presented no medical evidence after November 2003, and it is his burden to prove disability.

Finally, the second hypothetical posed to the vocational expert did not comprise Plaintiff's impairments accurately since the RFC upon which the hypothetical was based did not include limitations to his ability to sit and stand.  In response to the first hypothetical, which is accurate, the expert identified a number of jobs which plaintiff could perform with a fairly normal right arm and the left arm used as a guide.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D.    STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant

**No. 1:07CV193-MP/AK**

is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final

**No. 1:07CV193-MP/AK**

decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff injured his shoulder changing a tire at work and sought treatment from Dr. Chidgey two weeks later. (R. 149-151). X-ray was normal (R150), and he was treated conservatively and told not to work for six weeks. (R. 151). On December 5, 2001, Plaintiff returned to Dr. Chidgey in worse condition and an MRI showed a likely tear in his biceps tendon and partial thickness of his supraspinatus with degenerative changes. (R. 144-145). Plaintiff was released to work with no overhead lifting, no lifting more than 10 pounds, and a prescription for physical therapy and steroid injection. (R. 142-144). Plaintiff continued to report pain and underwent surgery in February 2002. (R. 137-139). He was released to light work in two weeks, but returned in March complaining of increased pain and stiffness. (R. 133-134). He was told to stay off work for 4 to 6 weeks. (R. 134). Plaintiff continued physical therapy with no results, and by August 2002, additional surgery was recommended. (R. 125). Plaintiff sought a second opinion on September 12, 2002, and an MRI was done which showed shoulder impingement. (R. 152).

Plaintiff sought additional treatment in June 2003 from Dr. Northrup who also noted shoulder impingement with likely rotator cuff tear and opined that Plaintiff could not return to work. (R. 161-162). A second surgery was performed on August 19, 2003, (R. 169-171) and despite no physical therapy as prescribed because his workers

**No. 1:07CV193-MP/AK**

compensation carrier would not approve it, he showed "some improvement in symptomatology of his left shoulder" and "improved range of motion in all planes," but continued weakness and pain upon palpitation. (R. 163). Dr. Northrup continued to find him temporarily totally disabled and off work until his next visit in four weeks. (R. 163). [There was apparently no follow up visit and no medical records after this date].

A vocational assessment was made at the direction of Plaintiff's workers compensation carrier in November 2002, which indicated that he was capable of light and sedentary work and that there were employment opportunities available for him. (R. 50-58). He told the counselor that his ability to walk and stand were unaffected by his shoulder pain. (R. 52).

A RFC dated October 31, 2002, found him capable of medium work limited in overhead reaching and climbing ladders and ropes. (R. 153-160).

A RFC dated February 18, 2002, found him capable of light work limited in overhead reaching and climbing ladders or ropes. (R. 112-119).

F.      **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff appeared at the hearing with counsel. (R. 175). He was 54 years old at the time of the hearing. (R. 176). He had a seventh grade education with work experience as a mechanic. (R. 176-178). He was injured on the job and received a $60,000.00 workers compensation settlement. (R. 178). His prior work was of a heavy exertional level as described. (R. 179-183). Plaintiff had two surgeries and some of the severe pain was relieved by the second one performed by D. Northrup. (R. 185-186).

**No. 1:07CV193-MP/AK**

Now, because he is no longer under a doctor's care, he takes Alleve or Tylenol for pain. (R. 187). He completes a number of household chores, but using primarily his right arm. (R. 187-191). When the workers compensation settlement ran out, he no longer had pain medication. (R. 192). He has no limitation in carrying items with his right hand or standing in place. (R. 193). If he lets his arm hang too long he needs to prop it up, but that is the only problem with standing. (R. 194). His pain is typically at a 5 or 6, but will increase to a level 8 if he overuses his left arm. (R. 195). However, Dr. Northrup told him to use his arm "a certain amount" or it would lock up. (R. 197). The expert identified a number of jobs which Plaintiff could perform using his left arm only as a guide. (R. 203). If his ability to stand and sit were compromised to only 45 minutes at a time with an hour break in between, there were no jobs available to a person with that type of limitation. (R. 205).

**G.      DISCUSSION**

      a)      Medical improvement

As the Commissioner notes, it is Plaintiff's responsibility to prove disability and there are no medical records after November 2003 to reflect any treatment by any source. The last treatment note indicates improvement in range of motion and pain. The fact that Plaintiff sought no further treatment and takes no prescribed pain medication would also indicate improvement. While the Court notes his explanation at the hearing that he did not have funds to seek treatment, there are sources available to persons without funds for treatment when their conditions are severe enough to warrant

**No. 1:07CV193-MP/AK**

emergency relief. The fact that no such relief has been sought also militates in favor of finding improvement in Plaintiff's condition.  Finally, Plaintiff's argument that there is no evidence to support improvement is not accurate.  The ALJ relied on the last treatment note in the record, which refers to improvement objectively in the range of motion examination and subjectively as reported by the Plaintiff in his improved pain levels.

      b)      <u>Hypothetical to expert</u>

At the fifth step of the evaluation process, the ALJ must determine whether a Claimant, based on his residual functional capacity, age, education and work experience, can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(4).  The ALJ may make this determination by reliance upon the Medical Vocational Guidelines or by utilizing the services of a vocational expert. <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1239 (11th Cir. 2004).  The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." <u>Wolfe v. Chater</u>, 86 F.3d at 1078, quoting <u>Passopulos v. Sullivan</u>, 976 F.2d 642, 648 (11th Cir. 1992).  <u>See</u> <u>also</u> <u>Foote v. Chater</u>, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of  work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that

significantly limits his basic work activities.  Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

When the ALJ uses a vocational expert, he elicits responses from the expert by posing hypothetical questions to him or her.  Phillips, 357 F.3d at 1240.  In order for the expert's testimony to constitute substantial evidence to support the ALJ's findings with regard to this point, the ALJ must pose a hypothetical which includes all of Claimant's impairments.  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

There is no evidence in the record to support the inclusion of a limitation on sitting or standing.  Therefore, it was not error for the ALJ to disregard the expert's response to the hypothetical that included this limitation.  The medical records, the vocational report commissioned by Plaintiff's treating source, and both RFC's in file support a light work activity (one actually assesses him at a medium level) with upper extremity limitations only.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  **24th**  day of February, 2009.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07CV193-MP/AK**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV193-MP/AK**