IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW W. WOODALL,

    Plaintiff,

v.                                                          CASE NO. 1:07-cv-00193-MP-AK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## O R D E R

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner denying benefits be affirmed. The Magistrate issued the Report on February 24, 2009. Plaintiff filed an objection to the Report (Doc. 21) on March 10, 2009. Defendant did not file a response to that objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions of the Report to which an objection has been made. For the reasons stated below, the Report and Recommendation of the Magistrate will be rejected, and the decision denying benefits will be reversed and remanded for further proceedings in accordance with this order.

The ALJ in this case issued a partially favorable decision, finding that Plaintiff was eligible for only a closed period of benefits. According to the ALJ, Plaintiff was disabled from September 21, 2001, through December 31, 2003, but not thereafter. Because the ALJ found that Plaintiff was disabled for a closed period of time, the medical improvement standard applies. See Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982) ("In each case, the burden remains with the claimant to prove the existence of a disability. If, however, the evidence in a

continuation case is substantially the same as the evidence had been in the initial disability benefits request case, benefits must be continued.") (internal citation omitted); see also Pickett v. Bowen, 833 F.2d 288, 291-292 (11th Cir. 1987).  Under this standard, if the Plaintiff has put forth evidence to show that his medical condition remains essentially the same after the closed period, there is a presumption that Plaintiff remains disabled.  See Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984).  In order to rebut that presumption, the ALJ must make a finding of improvement based on a comparison of the medical evidence that supported the finding of disability with new medical evidence.  See Whetstone v. Barnhart, 263 F. Supp. 2d 1318, 1322 (M.D. Ala. 2003) (citing Vaughn, 727 F.2d at 1043).  The evidence cited by the ALJ in any finding of medical improvement must be in the form of "symptoms, signs, and laboratory findings."  20 C.F.R. § 404.1594(b)(1).  Symptoms are the claimant's description of impairments. 20 C.F.R. § 416.928; 20 C.F.R. § 404.1528.  Signs are observable by medically acceptable clinical diagnostic techniques.  Id.  Laboratory findings are from medically acceptable laboratory techniques.  Id.  The Court must then determine "whether the [ALJ's] finding of improvement to the point of no disability is supported by substantial evidence."  Whetstone, 263 F. Supp. 2d at 1322.

In his objection to the Report, Plaintiff argues that the Magistrate erred by placing the burden of showing continuing disability on the Plaintiff and that the ALJ failed to cite medical evidence to support its finding of improvement.  Importantly, there are no medical records in this case after November 2003, so it is impossible to base any finding of improvement on evidence in Plaintiff's medical records.  Therefore, the only relevant medical evidence concerning Plaintiff's condition after the closed period of disability is in the form of symptoms – i.e., Plaintiff's own

testimony regarding his impairments. It was not necessary, as the Magistrate appears to suggest, for Plaintiff to introduce medical records to establish that his condition remained essentially the same after the closed period of disability; Plaintiff's testimony is sufficient. See Daring v. Heckler, 727 F.2d 64, 69 (3d Cir. 1984). The question thus becomes whether the ALJ's finding of improvement is based on substantial medical evidence, or, stated differently, whether the medical evidence supporting the ALJ's finding of disability is substantially different than the medical evidenced supporting the ALJ's finding of improvement. Upon consideration, the Court finds that it is not.

In its decision, the ALJ correctly cited the medical improvement standard and found that, "[a]fter December 31, 2003, there is evidence the claimant's impairments, symptoms and limitations improved. As of January 1, 2004, the claimant could lift with his right arm, and use his left arm as a guide only, with no reaching, pushing, pulling and gross manipulation of the left upper extremity." (R. 16). In reaching its finding of improvement, the ALJ relied on Plaintiff's June 16, 2004, testimony regarding his pain and physical limitations; however, the ALJ failed to adequately compare and distinguish those symptoms from Plaintiff's symptoms during the period of disability. The ALJ stated:

> The claimant testified that part of the severe pain was relieved by the surgery in August 2003. He testified that his right hand is all right. He cannot lift over one pound with his left arm and he cannot raise it overhead or above waist high. His left arm throbs with reaching or lifting. He can do some light household chores such as wash dishes occasionally and put dishes in and take [dishes] out of the dishwasher occasionally. He can make his bed and he empties the ashtrays. He does not have good grip strength in his left hand. He can mow his yard on a riding mower using his right arm. He drives and he goes grocery shopping with his wife. He drives to his son's house occasionally, which is a 68-mile trip. He must stop two or three times during the drive.

(R. 16-17).  The ALJ's reference to Plaintiff's report of reduced pain refers to Plaintiff's June 16, 2004, testimony, wherein Plaintiff stated that his August 2003 surgery "eliminated a little bit of the severe pain."  (R. 185-86).  Because this reduced pain occurred during the period of disability, it alone cannot account for the ALJ's finding of improvement after December 31, 2003.  Although Plaintiff did testify, as the ALJ notes, that he stopped taking prescription pain medicine after December 31, 2003, Plaintiff attributed this to lack of insurance, rather than reduced pain.  There is no testimony by Plaintiff in the record that his pain lessened after December 31, 2003.

Although the ALJ cited as evidence of improvement Plaintiff's testimony concerning his ability to use his right hand, his inability to lift more than one pound with his left arm, and his inability to raise his left arm overhead or above waist high, the ALJ did not compare these symptoms to Plaintiff's symptoms during the period of disability.  The same can be said of the ALJ's reliance on Plaintiff's testimony regarding his daily activities.  Indeed, Plaintiff's June 16, 2004, testimony is almost identical to the Plaintiff's statements recorded in a vocational assessment dated November 18, 2002, nine months before his second surgery on August 19, 2003.  (R. 51).

Finally, the ALJ cites as medical evidence of Plaintiff's improvement Dr. Northrup's November 12, 2003, treatment notes, which noted "some improvement in symptomatology of [Plaintiff's] left shoulder" and "improved range of motion in all planes."  (R. 163).  Again, this evidence concerns Plaintiff's condition during the period of disability.  However, in its decision, the ALJ states that the treatment notes "indicated that range of motion in all planes *was improving*," which the ALJ said was "further consistent with improving symptoms and his

testimony [that he discontinued prescription pain medicine]." (R. 17) (emphasis added). Although Dr. Northrup's treatment notes indicated that Plaintiff's range of motion had improved, there is no indication in the treatment notes that Plaintiff's range of motion was expected to continue improving. In fact, Dr. Northrup noted that Plaintiff was at "significant risk for failure and prolonged rehabilitation, chronic pain, etc." due to the refusal of his worker's compensation to cover physical therapy. (R. 163).

In short, the evidence cited to support the ALJ's finding of improvement to the point of no disability is not substantially different than the evidence that supported its finding of prior disability. Therefore, the Court finds that the ALJ's finding of improvement is not based on substantial evidence. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 20) is REJECTED, and the decision of the Commissioner denying benefits is REVERSED AND REMANDED for further proceedings consistent with this order.

2. Pursuant to Bergen v. Commissioner, 454 F.3d 1273, 1277-78 (11th Cir. 2006), proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b), are stayed until the matter is fully adjudicated upon remand. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this _7th_ day of April, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge